UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LISA LOVE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-01372 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

## COMPLAINT

NOW COMES Plaintiff, LISA LOVE ("Plaintiff"), by her attorneys, and hereby alleges the following against WELLS FARGO BANK, N.A. ("Defendant"):

### Nature of the Action

1.  Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Financial Code, Tex. Fin. Code § 392.001 *et seq.*, and invasion of privacy.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.  28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under The Texas Financial Code and invasion of privacy.

4.  Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## Parties

5. Plaintiff is a natural person residing in Plano, Texas.

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001.

7. Defendant is a business entity with headquarters located in Sioux Falls, South Dakota.

8. Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

10. Defendant has been placing calls to telephone number (972) 743-04XX.

11. Telephone number (972) 743-04XX is assigned to a cellular telephone service.

12. Plaintiff is the primary user of cellular telephone number (972) 743-04XX.

13. Defendant places these calls to Plaintiff from various telephone numbers including, but not limited to, (800) 988-8019 and (800) 678-7986.

14. These telephone calls regarded one or more financial accounts that Plaintiff used primarily for personal, family, and/or household purposes.

15. These telephone calls are not for emergency purposes.

16. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

17. On or about August 15, 2018, Plaintiff spoke with Defendant.

18. During the aforementioned conversation, Plaintiff asked Defendant to stop calling her cell phone.

19. Defendant informed Plaintiff that it would do so and attempted to obtain a payment from Plaintiff on one of her accounts which Defendant alleged to be past due.

20. Defendant continued to call Plaintiff's cell phone after August 15, 2018.

21. After August 15, 2018, Defendant called Plaintiff's cell phone at least 128 times.

22. Defendant did not have Plaintiff's express consent to place these calls.

23. Defendant knew that it did not have Plaintiff's express consent to place these calls.

24. Defendant voluntarily, knowingly, and/or willfully placed these calls.

25. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unauthorized phone calls.

26. As a result of Defendant's unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering her telephone.

## COUNT I
### Defendant Violated the Telephone Consumer Protections Act

27. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

28. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

29. Defendant's actions alleged *supra* constitute numerous and multiple knowing

and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

COUNT II
Texas Financial Code

30.   Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

31.   The Texas Financial Code states:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> …(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code § 392.302

32.   The Texas Financial Code also states:

> (a) A person may sue for:
>
> > (1) injunctive relief to prevent or restrain a violation of this chapter; and
> >
> > (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.

Tex. Fin. Code § 392.403

33.   Defendant engaged in harassment with respect to its telephone collection

conduct directed against Plaintiff by causing her telephone to ring repeatedly and continuously and making repeated and continuous telephone calls with intent to harass Plaintiff into paying Defendant.

34.   Plaintiff has suffered actual damages as a direct and proximate result of Defendant's unlawful and unauthorized conduct.

## COUNT III
### Invasion of Privacy – Intrusion Upon Seclusion

35.   Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

36.   Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, private concerns and affairs.

37.   Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone without authorization after she instructed it to stop.

38.   Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

39.   Plaintiff has suffered actual damages as a direct and proximate result of Defendant's intrusion.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

40.   Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

5

41. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

42. Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the underlying violations of the Texas Financial Code and/or invasion of privacy;

43. Costs and reasonable attorney fees; and

44. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: June 7, 2019

/s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone:  312-578-9428
Telefax:  866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff